# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

REDMONDS ENTERPRISE, INC.　　　　:
　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　:
v.　　　　　　　　　　　　　　　　　　: 　　Civil No. CCB-16-3943
　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　:
CSX TRANSPORTATION, INC.　　　　　 :

## MEMORANDUM

Plaintiff Redmonds Enterprise, Inc. ("Redmonds") filed a state-court action, subsequently removed to this court, alleging that defendant CSX Transportation, Inc. ("CSX") is liable for defamation, injurious falsehood, and tortious interference with economic advantage or business relationships under Maryland law. Now pending are two motions to withdraw as attorney filed by Redmonds' local counsel (ECF Nos. 33 and 37), a motion for summary judgment from CSX (ECF No. 34), a motion for sanctions against the plaintiff's counsel from CSX (ECF No. 36), a motion to amend the complaint from Redmonds (ECF No. 44), and a motion to deem admitted certain requests for admission ("discovery motion") (ECF No. 50). The motions have been fully briefed, and no hearing is necessary to their resolution. *See* Local Rule 105.6. For the reasons discussed below, the motions to withdraw and for summary judgment will be granted. The motions to amend the complaint and for sanctions will be denied. The discovery motion will be denied as moot.

## BACKGROUND

The full facts surrounding this case are described in the court's previous memorandum regarding the motion to dismiss. (*See* May 30, 2017 Memo. at 1-3 (ECF No. 20).) In summary, this case arises from a vandalism incident at CSX's railyard in Jessup, Maryland in October 2015

and the subsequent attempts to identify the culprit. Prior to the incident, Redmonds had subcontracted with automobile transportation companies at the railyard, notably Moore Transportation and United Road. After the vandalism incident, Redmonds experienced a significant decline in business with these two main customers. Redmonds allegedly was informed that this decline was due to an email sent from Rick Orner, a purported CSX employee, informing the transportation companies that Redmonds would be banned from the railyard due to "habitually vandalizing cars" (the "Orner email") (Compl. ¶ 21). Based on this information, Redmonds then filed a lawsuit against CSX in the Circuit Court for Anne Arundel County, Maryland on September 28, 2016, claiming defamation, injurious falsehood, and tortious interference with economic advantage or business relationships based on the statements made in the alleged email. (*See* Civil Cover Sheet, ECF No. 2; Compl.) CSX removed the action to this court on December 8, 2016. (Notice of Removal, ECF No. 1.) CSX subsequently filed a motion to dismiss, which was denied on May 30, 2017. (May 30, 2017 Order, ECF No. 21.)

Discovery closed on December 4, 2017. (Oct. 10, 2017 Order, ECF No. 26.) Neither party has produced the specific email underlying Redmonds' claims. (*See* Mot. Summ. J. ¶ 2; Memo. Supp. Mot. Amend at 5, ECF No. 41.) Nor has Redmonds produced evidence that Orner is a CSX employee as alleged in the complaint. Accordingly, in an email declining Redmonds' request to amend the complaint to add additional parties on November 21, 2017, CSX requested that Redmonds dismiss the case. (Mot. Sanctions Ex. H at 3, ECF No. 36-10.) CSX received no response to this request. On December 18, 2017, CSX sent Redmonds a letter reiterating this request and including a copy of its motion for sanctions in accordance with Fed. R. Civ. P.

11(c)(2).[1] Redmonds declined to dismiss its complaint the following day. (Mot. Sanctions Ex. B at 2, ECF No. 36-4.) CSX filed a motion for summary judgment on January 9, 2018, and the motion for sanctions on January 11, 2018. Redmonds' local counsel, Sheryl Wood, filed a motion to withdraw on January 9, 2018, and again on January 19, 2018.

Redmonds filed its opposition to the motion for sanctions on January 24, 2018. In response to the motion for summary judgment, Redmonds filed a motion to amend its complaint and a memorandum supporting its motion and opposing CSX's motion for summary judgment on January 31, 2018.[2] Redmonds seeks to base its amended complaint on a Major Damage Report completed by CSX employee Rashida Bridwell and allegedly sent to Moore Transportation on November 11, 2015. (*See* First Am. Compl. ¶¶ 3-4, ECF No. 44-1; Memo. Supp. Mot. Amend at 8, ECF No. 46.) Ms. Bridwell's comments on the report read:

> Moore Transport Trucker Damage: unit found in bay with multiple deep scratches on the hood, right rear door and quarter panel. Scratches on the hood consists [sic] of words that are hand carved. Video footage was reviewed and conclusive evidence was found that Moore Transport driver vandalized the unit. The driver has been permanently banned by TDSI Director Phillip Peay. Video footage has been saved to ECM.

(Ex. 9, Memo. Supp. Mot. Amend at 2, ECF No. 46-9). Redmonds alleges that the phrase "conclusive evidence was found that Moore Transport driver vandalized the unit" is objectively false, and thus supports its claims for defamation, injurious falsehood, and tortious interference in place of the nonexistent email. (*See generally* Red-lined First Am. Compl., ECF No. 46-2; Memo. Supp. Mot. Amend at 14.) Redmonds further alleges that this communication is part of a

---

[1] Rule 11(c)(2) states, in relevant part, "A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets."

[2] Redmonds re-filed its opposition including the supporting exhibits to its motion and opposition on February 2, 2018. (*See* ECF No. 46.)

3

larger conspiracy to "scapegoat" Redmonds for damage by an unknown, unidentified party at the railyard. (Memo. Supp. Mot. Amend at 7-10.) Redmonds requested a deposition of Ms. Bridwell and other individuals on November 26, 2017, six business days before the close of discovery. (Ex. B, Mem. Opp. Mot. Amend at 3-4.) She was not available for deposition prior to the close of discovery on December 4, 2017, as her last day with CSX was December 1, 2017. (*Id.* at 1.)

CSX filed its opposition to Ms. Wood's motion to withdraw on February 2 (ECF No. 45), its reply regarding the motion for sanctions on February 8 (ECF No. 47), and its opposition to the motion to amend on February 14, 2018 (ECF No. 48). Ms. Wood filed her reply regarding her motion to withdraw on February 16, 2018. (ECF No. 49). CSX filed a motion to deem admitted certain requests for admissions on February 20, 2018, to which no response has been filed.

## ANALYSIS

### I. Motion to Amend/Correct the Complaint

Redmonds seeks to amend to identify a communication from CSX employee Rashida Bridwell as the basis for its suit, rather than the nonexistent email from Mr. Orner. Leave to amend must be freely granted under Rule 15(a), and amendments are generally accepted absent futility or undue prejudice. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc.*, 576 F.3d 172, 193 (4th Cir. 2009) ("[L]eave to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or amendment would be futile.").[3] Modifications to a scheduling order, however, are governed by Rule 16(b), which states that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good

---

[3] While delay alone is not sufficient, a lengthy period of delay is more likely to support a finding of prejudice or bad faith. *Matrix*, 576 F.3d at 193.

cause standard "focuses on the tardiness of the amendment and the reasons for its tardy submission...a movant must demonstrate that the reasons for the tardiness of his motion justify a departure from the rules set by the court in its scheduling order." *Rassoull v. Maximus, Inc.*, 209 F.R.D. 372, 374 (D. Md. 2002); *see also Odyssey Travel Center, Inc. v. RO Cruises, Inc.*, 262 F.Supp.2d 618, 632 (D.Md. 2003) (denying motion to amend complaint to correct the defendant when motion was filed only after the defendant's motion for summary judgment, despite earlier notice of the correct defendant).

While these two rules sometimes are in tension, in this instance both point toward a denial of Redmonds' motion to amend. Redmonds has demonstrated neither good cause for modification of the scheduling order, nor absence of prejudice to the opposing party. First, the scheduling order set the deadline for amendment of pleadings on July 24, 2017. The documents upon which Redmonds now intends to rely were produced in the late summer or fall of 2017. (*See* Memo. Supp. Mot. Amend at 12; Ex. A, Resp. Opp. Mot. Amend at 2, ECF No. 48-1.) Nonetheless, Redmonds did not move to modify the scheduling order to permit amendment of its pleadings. Even if such a motion is assumed within Redmonds' motion to amend, that motion was not filed until January 31, 2018, over five months after Redmonds had obtained these documents. Redmonds argues that owing to its limited financial resources, it could not authenticate CSX's documents until CSX responded to Redmonds' requests for admissions on January 10, 2018. Redmonds could have filed its requests for admissions prior to the December 11, 2017, deadline, however, if amending its complaint truly depended upon the documents' authentication.[4] Further, Redmonds requested to depose Ms. Bridwell on November 26, 2017,

---

[4] The amended scheduling order states "December 11, 2016" as the Requests for Admission deadline, but this appears to be a clerical error, as discovery was conducted in 2017 and the dispositive pretrial motions deadline was

5

six business days prior to the close of discovery. Redmonds presumably was contemplating using the Major Damage Report as a basis for its claims at least as early as that request, and could have moved to amend its complaint that much sooner.

Setting aside the tardiness of the amendment, permitting the amendment would be prejudicial to CSX, and so should be barred under Rule 15(a). Redmonds did not move to amend its pleading until over a month after close of discovery. Thus, CSX did not have notice of the new basis for Redmonds' claims at any point during the discovery period. Redmonds argues that because CSX produced the documents, it would have no need to conduct additional discovery regarding them. This is not correct. Delay in identifying the documents that would support Redmonds' claim prevented CSX from deposing or otherwise conducting discovery with any of the newly-implicated individuals. Most importantly, CSX was unable to depose or otherwise conduct discovery surrounding Rashida Bridwell, the author of the statement that Redmonds now claims was made with malice. She is no longer employed by the company, so it is unclear whether she would be available if discovery were to be re-opened. To permit amendment after the opportunity has passed for discovery on the basis of Ms. Bridwell's comment on the Major Damage Report would prejudice CSX.

Finally, it appears the amendment would be futile for several reasons. First, a statement that "conclusive" evidence was found regarding a single incidence of vandalism in a Major Damage Report is very different from an allegation of "habitual vandalism" in an e-mail sent to all current and potential clients, especially for the purposes of injurious falsehood and tortious interference claims. Second, characterizing the evidence in the video as "conclusive" is merely the opinion of the author. Objectively, the video did provide evidence used to determine who

---

January 9, 2018. (*See* Oct. 10, 2010 Order, ECF No. 26.)

committed the vandalism. Ms. Bridwell's statement is not an untrue statement of fact. Third, there is no evidence alleged suggesting malice on the part of Ms. Bridwell in preparing the Major Damage Report. Further, it seems likely that the conditional privilege would apply to this communication, if it were communicated to Moore, in pursuit of their common business interests with CSX surrounding the railyard.

For all these reasons, the motion to amend pleadings will be denied.

## II. Motion for Summary Judgment

CSX asks this court to grant summary judgment on Redmonds' claims of injurious falsehood (Count I), tortious interference with economic advantage or business relationships (Count II), and malicious and negligent defamation (Counts III and IV). Because the motion to amend will be denied, the motion for summary judgment will be evaluated as to the original complaint. Summary judgment will be granted on each claim.

### A. Legal Standard

Federal Rule of Civil Procedure 56(a) provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (emphases added). "A dispute is genuine if 'a reasonable jury could return a verdict for the nonmoving party.'" *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012)). "A fact is material if it 'might affect the outcome of the suit under the governing law.'" Id. (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Accordingly, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment[.]" *Anderson*,

7

477 U.S. at 247-48. The court must view the evidence in the light most favorable to the nonmoving party, *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014) (per curiam), and draw all reasonable inferences in that party's favor, *Scott v. Harris*, 550 U.S. 372, 378 (2007) (citations omitted); *see also Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 568-69 (4th Cir. 2015). At the same time, the court must "prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993)).

B. Defamation

Redmonds contends that the CSX e-mail constitutes defamation under Maryland law. To recover for defamation, the plaintiff must establish that: "(1) the defendant made a defamatory statement regarding the plaintiff to a third person; (2) the statement was false; (3) the defendant was legally at fault in making the statement; and (4) the plaintiff suffered harm thereby." *S. Volkswagen, Inc. v. Centrix Fin'l, LLC*, 357 F. Supp. 2d 837, 843 (D. Md. 2005) (quoting *Holt v. Camus*, 128 F. Supp. 2d 812, 815 (D. Md. 1999)).

The Orner email upon which the complaint is based was not produced or identified during discovery, nor has Redmonds produced any admissible evidence of its existence. Thus, there is no defamatory statement upon which to base a claim for defamation. Summary judgment will be granted as to Claims III and IV.

C. Injurious Falsehood

In Maryland, injurious falsehood is similar to defamation, but the plaintiff must satisfy a greater burden of proof and establish special damages. *Horning v. Hardy*, 373 A.2d 1273, 1278 (Md. 1977). One form of injurious falsehood involves the publication of a statement that

8

disparages the plaintiff's business. *See id.* To maintain a claim for injurious falsehood, the plaintiff must establish that the defendant acted with malice in publishing to a third party a known falsity that caused special damages. *Nat'l Bd. for Certification in Occupational Therapy, Inc. v. Am. Occupational Therapy Ass'n*, 24 F. Supp. 2d 494, 511 (D. Md. 1998) (citing *Horning*, 373 A.2d at 1278). "The plaintiff must prove in all cases that the publication has played a material and substantial part in inducing others not to deal with him, and that as a result he ha[s] suffered special damage." *Id.* (quoting *Horning*, 373 A.2d at 1278).

Similar to the claim for defamation, without the Orner email, there is no disparaging statement upon which to base this claim. Summary judgment will be granted.

### D. Tortious Interference with Economic Advantage or Business Relationships

Finally, Redmonds raises a claim of tortious interference with economic advantage or business relationships, which is "well established in Maryland." *See Macklin v. Robert Logan Assocs.*, 639 A.2d 112, 116 (Md. 1994) (collecting cases). "The tort, which has two general manifestations, is committed when a third party's intentional interference with another in his or her business or occupation induces a breach of an existing contract or, absent an existing contract, maliciously or wrongfully infringes upon an economic relationship." *Id.* at 117 (citations omitted). Where there is no contract or the contract is terminable at will, "[a] broader right to interfere with economic relations exists." *Id.* (quoting *Natural Design, Inc. v. Rouse Co.*, 485 A.2d 663, 674 (Md. 1984). Here, because the complaint does not identify any applicable contracts, the court has construed Count II as a claim of tortious interference with prospective economic relations, rather than tortious interference with contract.

Tortious interference with prospective economic relations "requires a showing of (1) an

9

intentional and willful act, (2) calculated to cause damage to the plaintiff in his lawful business, (3) done with the unlawful purpose to cause such damage and loss, without right or justifiable cause on the part of the defendant, (4) that caused actual damage or loss." *Williams v. Wicomico County Bd. of Educ.*, 836 F. Supp. 2d 387, 398 (D. Md. 2011) (citing *K & K Mgmt., Inc. v. Lee*, 557 A.2d 965, 973 (Md. 1989)).

Without the Orner email, Redmonds has submitted no proof of an intentional or willful act that interfered with its prospective economic relations. Summary judgment will also be granted as to this claim.

***

For the reasons stated above, CSX's motion for summary judgment will be granted as to all claims. Because all claims will be dismissed, CSX's discovery motion will be denied as moot.

### III. Motion for Sanctions

CSXT has moved for sanctions pursuant to both Rule 11 and 28 U.S.C. § 1927. "The language of Rule 11 requires that an attorney conduct a reasonable investigation of the factual and legal basis for his claim before filing." *Brubaker v. City of Richmond*, 943 F.2d 1363, 1373 (4th Cir. 1991) The evaluation is made at the time of filing, and does not include "a duty continuously to reevaluate the merits of their case as the litigation develops and to dismiss the case once it appears that the case no longer has a factual or legal basis." *Id.* at 1381. *See also Simpson v. Welch*, 900 F.2d 33, 36-37 (4th Cir. 1990) (holding that "Rule 11, by its own terms, can never be the basis for sanctions for *failure* to file certain papers"). "[T]he central purpose of Rule 11 is to deter baseless filings in district court and thus, consistent with the Rules Enabling Act's grant of authority, streamline the administration and procedure of the federal courts."

10

*Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). "[I]t is clear that the primary or 'first' purpose of Rule 11 is to deter future litigation abuse. A district court can and should bear in mind that other purposes of the rule include compensating the victims of the Rule 11 violation, as well as punishing present litigation abuse, streamlining court dockets and facilitating court management." *In re Kunstler*, 914 F.2d 505, 522 (4th Cir. 1990); *see also DeBauche v. Trani*, 191 F.3d 499, 512 (4th Cir. 1999) (a district court has the authority under Rule 11 "to impose sanctions for the filing of a frivolous complaint").

Title 28 U.S.C. § 1927 provides for the imposition of sanctions on attorneys who "multiply proceedings" and thus abuse the court process. *DeBauche*, 191 F.3d at 511. An attorney cannot be sanctioned under § 1927 just because the claim ultimately is found meritless. *See id.* Instead, he must have "multiplie[d] the proceedings . . . unreasonably and vexatiously." *Id.* (internal quotation marks and citation omitted). Bad faith on the part of the attorney is a precondition to sanctions under the statute. *Equal Employment Opportunity Comm'n v. Great Steaks, Inc.*, 667 F.3d 510, 522 (4th Cir. 2012). The Fourth Circuit has found bad faith where an attorney brought a claim under circumstances indicating he knew it had no reasonable basis. *See Chaudhry v. Gallerizzo*, 174 F.3d 394, 411 (4th Cir. 1999); *see also Knorr Brake Corp. v. Harbil, Inc.*, 738 F.2d 223, 227 (7th Cir. 1984) (finding that sanctions under § 1927 could be imposed only where an attorney intentionally filed a claim lacking any plausible basis). Importantly, "§ 1927 does not distinguish between winners and losers, or between plaintiffs and defendants. The statute is indifferent to the equities of a dispute and to the values advanced by the substantive law. It is concerned only with limiting the abuse of court processes." *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 762, 100 S. Ct. 2455, 2462, 65 L. Ed. 2d 488 (1980)

While it is a close question, it is not clear that sanctions are warranted under either Rule 11 or § 1927, although the dilatory conduct of Redmonds' non-local counsel, Mr. Jenkins, was irresponsible, to say the least. CSX argues that sanctions should be imposed because Redmonds refused to dismiss the case after the Orner email was not uncovered during discovery. But, there is no evidence to suggest Redmonds did not have a colorable basis for filing its complaint initially. Redmonds had experienced a decline in business, and had been told this decline was attributable to a defamatory email from a CSX employee. Refusal to dismiss the complaint after discovery is not a basis for Rule 11 sanctions. *See Brubaker*, 943 F.2d at 1381; *Simpson*, 900 F.2d at 36-37. After conducting discovery, Redmonds moved to amend its complaint to reflect new evidence uncovered during discovery. Although untimely and ultimately unsuccessful, filing this motion was not entirely baseless, nor an unreasonable multiplication of this proceeding under § 1927. The conduct of Redmonds' counsel was not as "unreasonable[] and vexatious[]" as the attorney in *Salvin*, who continued proceedings after his own client's deposition revealed that there was no basis to her claims, and indeed supported his opposition to the motion for summary judgment with an affidavit in which his client contradicted her own deposition testimony. *See Salvin v. American Nat. Ins. Co.*, 281 Fed.Appx. 222, 225-26 (4th Cir. 2016).[5] The delay in seeking leave to amend after it became clear the Orner email could not be found was irresponsible and, as explained above, was sufficient reason to deny the motion to amend. But the court cannot say it amounted to the bad faith that is required to support sanctions under § 1927. The motion for sanctions will be denied.

**IV. Motions to Withdraw**

Redmonds' local counsel, Sheryl Wood, filed two motions to withdraw as counsel. The

---

[5] The court cites to this unpublished case because it is heavily relied on by CSX.

applicable motion, filed January 19, 2018, relies on Local Rule 101.2(b). (ECF No. 37.) This rule states:

> In the case of any party other than an individual...appearance of counsel may be withdrawn only with leave of court and if (1) appearance of other counsel has been entered, or (2) withdrawing counsel files a certificate stating (a) the name and last known address of the client, and (b) that the written notice has been mailed to or otherwise served upon the client at least seven (7) days previously advising the client of counsel's proposed withdrawal and notifying it that it must have new counsel enter an appearance or be subject to the dismissal of its claims and/or default judgment on claims against it.

Local Rule 101.2(b).

Redmonds' local counsel has met the requirements of the rule. Redmonds retains non-local counsel Manotti Jenkins, although it will need to retain new local counsel if it wishes to proceed further with this case. Ms. Wood also provided appropriate notice to Redmonds.

CSX opposes the motion to withdraw because it fears impact on the resolution of pending motions and its motion for sanctions.[6] Because all pending motions will be resolved, these arguments are no longer relevant, and Ms. Wood's presence is not essential to the administration of justice. Ms. Wood's motion will be granted and her appearance will be withdrawn from this case.

## CONCLUSION

For the reasons stated above, the motions to withdraw and for summary judgment will be granted. The motions to amend the complaint and for sanctions will be denied. The discovery motion will be denied as moot.

A separate order follows.

---

[6] CSX also argues that Ms. Wood has not provided a reason for her withdrawal, so it cannot be considered. Neither the Local Rules nor the Maryland Lawyer's Rules of Professional Conduct seems to require that the lawyer identify the specific reason for withdrawal in her motion. To the extent such a reason is needed, it appears that Ms. Wood's withdrawal can be accomplished without material adverse effect on the interests of Redmonds, her client. *See* MD Rules Attorneys, Rule 19-301.16(b)(1).

13

July 27, 2018  
Date

/s/ CCB  
Catherine C. Blake  
United States District Judge